**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AKINTOYE LAOYE, | : | CIVIL ACTION NO. 11-3242 (MLC) |
| Petitioner, | : | **O P I N I O N** |
| v. | : |  |
| WARDEN, HUDSON COUNTY CORRECTIONAL CENTER, | : |  |
| Respondent. | : |  |

**COOPER, District Judge**

This matter comes before the Court upon Petitioner's filing of a habeas application, pursuant to 28 U.S.C. § 2241 (ECF Nos. 1,2). Respondent has answered (ECF No. 29). Petitioner's Emergency Motion for Bail (ECF No. 24) remains pending. For the reasons expressed below, the Petition will be denied and the Motion will be denied.

### BACKGROUND

The following facts are taken from the record provided by Respondent with the response to the Petition (ECF No. 29).

Petitioner, a native and citizen of Nigeria, is an alien detainee seeking release from confinement. He was ordered removed on February 28, 2008 by an Immigration Judge, and an appeal of the decision was denied by the Board of Immigration Appeals ("BIA") on December 17, 2008. The Court of Appeals for the Third Circuit

("Court of Appeals") denied his petition for review of the BIA's decision on November 16, 2009.  See Laoye v. Att'y Gen., 352 Fed.Appx. 714 (3d Cir. 2009).

Petitioner was detained by Immigration and Customs Enforcement ("ICE") on March 22, 2011.  On May 31, 2011 when ICE attempted to remove him, Petitioner refused to board his flight to Nigeria.  Again, on June 13, 2011, Petitioner refused to board a flight to Nigeria.  As a result, he was issued a "Notice of Failure to Comply," for repeatedly refusing to cooperate with efforts to remove him.

On July 6, 2011, the Court of Appeals granted Petitioner's stay of removal pending review of a denial of a motion by the BIA.  On October 11, 2011, Petitioner received a custody status review.

On January 27, 2012, the Court of Appeals granted Petitioner's petition for review and remanded to the BIA.  On June 25, 2012, the BIA denied Petitioner's motions and subjected him to a final order of removal.  A custody status review was conducted on September 27, 2012.  The BIA's denial of his motions prompted Petitioner to again appeal to the Court of Appeals, but this time his petition and request for a stay were denied as of November 9, 2012.

In the meantime, Petitioner filed this Petition on June 6, 2011, and a supplemental petition on June 9, 2011, arguing that his continued detention violates his substantive due process rights.  On

October 17, 2012, he filed the Emergency Motion for Bail pending habeas, which remains pending.

## DISCUSSION

### A. Jurisdiction and Standard of Review

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the ICE at the time he filed the Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates federal law. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. §

2254 Rule 2(c) (amended Dec. 1, 2004, applicable to § 2241 petitions through Habeas Rule 1(b)).

**B.   Legality of Detention**

The Immigration and Nationality Act authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."); see also Demore v. Kim, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").  Once an alien's order of removal is final, the Attorney General is required to remove the alien from the United States within a 90-day "removal period."  See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').").

This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

4

>    (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
>    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(2) requires aliens to be detained during this 90-day removal period.  See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").  However, if the alien is not removed during this 90-day removal period, then the alien may either be released on bond or remain in detention.  Section 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

Section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  Six months is a presumptively reasonable period of post-removal-period

5

detention under § 1231(a)(6). See id. at 701. But to state a claim under § 2241 sufficient to require the Government to respond, the alien must provide in a petition facts showing good reason to believe that there is no significant likelihood of the alien's actual removal in the reasonably foreseeable future:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

Thus, an alien must provide in the § 2241 petition good reason to believe removal is not foreseeable before the Government will be required to respond. See id.; see also Barenboy v. Att'y Gen., 160 Fed.Appx. 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing.") (citation, internal quotation marks, and alterations omitted).

This Court finds here that the Petition must be denied. Petitioner is within the six-month Zadvydas window for the Government to secure his removal. Petitioner's ICE detention began on March 22, 2011, when he was taken into custody on the previous order of removal. This removal period was interrupted by the stay issued by the Court of Appeals on July 6, 2011 and subsequent remand to the BIA. See 8 U.S.C. § 1231(a)(1)(B)(ii); Hitchens v. Elwood, No. 11-7233, 2012 WL 3019936, at *3 (D.N.J. July 24, 2012). The BIA ruled on his case on June 25, 2012, subjecting him to a second final order of removal and post-removal-order detention. Accordingly, the six-month presumptively reasonable period of post-removal-order detention under Zadvydas had not expired at the time this Petition was filed.

Alternatively, Petitioner cannot show that his removal is not reasonably foreseeable. In fact, the Government had the appropriate travel documents on two occasions; on the two occasions of his scheduled removal, Petitioner refused to board his scheduled flights. Under 8 U.S.C. § 1231(a) and Zadvydas, Petitioner has not provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

The Court also notes that Petitioner has received custody reviews on October 11, 2011 (denied release because ICE had not had an unencumbered 90-day period to remove Petitioner due to

7

Petitioner's failure to cooperate and stay of removal), and September 27, 2012 (denied release because Petitioner posed a danger to the community and was a flight risk).

Therefore, this Court finds that Petitioner's detention is neither illegal nor unconstitutional, and the Petition must be denied.

## CONCLUSION

The Court will deny the Petition and deny the outstanding Motion.  The Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

Dated:  June 10, 2013